ON PETITION FOR REHEARING
July 23, 2004.
PER CURIAM:
The defendants have filed a petition for panel rehearing in which they ask that we further limit the scope of the proceedings on remand.
Parts II.C.l and II.C.2 of our opinion explained that the 1998 Agreement shields Richard Brennan Jr. (Dickie) and his companies from trademark liability for uses permitted under the Agreement, but not from liability for uses that exceed the Agreement’s permissions. The jury found that uses associated with Dickie Brennan’s Steakhouse, but not Dickie Brennan’s Palace Café, exceeded the permissions of the 1998 Agreement. We clarify our mandate to make explicit that the plaintiffs may not pursue on remand a trademark action *377 against either Dickie or Cousins (which operates the Palace Café) with regard to the Palace Café.
The defendants argue that there is no need for a remand even regarding the Steakhouse restaurant, on the ground that the plaintiffs’ contract-based lost-profits award provides a complete recovery on any trademark-related cause of action. Pet. for Reh’g at 4-13. Our opinion indicated that the plaintiffs might not be able to obtain any additional relief, but it is for the district court to determine in the first instance whether trademark-specific remedies are available and appropriate in this case and whether the jury’s award was inadequate to capture the losses compen-sable in a trademark action.
Relying on an argument on which our opinion expressed no view, see Op. at 369 n. 7, the defendants ask that we limit the scope of the actions that may be pursued on remand against Richard Brennan Sr. Pet. for Reh’g at 3-4. Their arguments in this regard may be addressed to the district court.
With that, the petition for rehearing is DENIED.